IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>AUTOZONE, INC., and AUTOZONERS, LLC,<br><br>Defendants. | Civil Action No. 14-cv-3385<br><br>Judge Marovich<br><br>Jury Trial Demand |

## AMENDED COMPLAINT

NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices and to provide appropriate relief to Gary Clay, Gonzala Gomez, Herman Matasar, and other aggrieved individuals (collectively, "Aggrieved Individuals"), who are all qualified individuals with disabilities who were affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendants Autozone, Inc. and Autozoners, LLC (collectively, "Defendants") violated the ADA when they: (1) failed to make reasonable accommodations to the disabilities of the Aggrieved Individuals at Defendants' retail stores within the United States by failing to make exceptions to a "no fault" attendance policy for their disability-related absences, and discharged them as a result, in violation of § 12112(b)(5)(A)-(B); (2) failed to make reasonable accommodations to the disabilities of Clay and Gomez during their employment, in violation of § 12112(b)(5)(A); and (3) additionally or in the alternative,

1

discharged Gomez in retaliation for making complaints of disability discrimination, in violation of § 12203(a).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois and elsewhere where Autozone does business in the United States.

## PARTIES

3.     Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and is further authorized by Title V of the ADA, 42 U.S.C. § 12203(c), which incorporates by reference the enforcement remedies and procedures available under Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4.     At all relevant times, Defendant Autozone, Inc. has continuously been a Nevada corporation doing business throughout the United States, including within Kendall, Lake, and La Salle Counties in the State of Illinois, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Autozoners, LLC has continuously been a Nevada limited liability corporation doing business throughout the United States, including

within Kendall, Lake, and La Salle Counties in the State of Illinois, and has continuously had at least 15 employees.

6.  At all relevant times, Defendant Autozone, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7.  At all relevant times, Defendant Autozoners, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.  At all relevant times, Defendant Autozone, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.  At all relevant times, Defendant Autozoners, LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. On information and belief, one or both of Defendants, individually and/or jointly, were the employer of the Aggrieved Individuals, and Defendants are referred to jointly and severally herein as "Autozone."

11. During the year 2009 and continuing to the present, Defendant Autozone, Inc. has continuously had more than 500 employees.

12. During the year 2009 and continuing to the present, Defendant Autozoners, LLC has continuously had more than 500 employees.

STATEMENT OF CLAIMS

13. More than 30 days before institution of this suit, Clay, Gomez, and Matasar filed charges with the EEOC alleging that Autozone violated Titles I and Title V of the ADA.

14. On May 28, 2013, the EEOC determined that there was reasonable cause to believe that Autozone discriminated against Clay, Gomez, Matasar and a class of other employees at its stores throughout the United States because of their disabilities, in that they were discharged because of disability-related absences and denied reasonable accommodations in connection with such absences, in violation of the ADA, and the EEOC also determined that Autozone denied Clay and Gomez other reasonable accommodations prior to discharging them, also in violation of the ADA.

15. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On May 28, 2013, the EEOC issued to Autozone a Letter of Determination inviting Autozone to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

   (b) On July 17, 2013, the EEOC issued to Autozone a Notice of Failure of Conciliation advising Autozone that despite its efforts the EEOC was unable to secure from Autozone a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this suit have been fulfilled.

17. The Aggrieved Individuals have impairments that substantially limit one or more of their major life activities, and so they are individuals with disabilities, within the meaning of the ADA. For example, Matasar has type 2 diabetes, which substantially limits the major life

activities of eating and the functioning of his endocrine system; Gomez has a migraine condition and digestive disorder that substantially limit major life activities including eating and neurological function; and Clay has a herniated disc in his spine, which substantially limits the major life activities of walking and standing, and which in its unmitigated state would involve pain so severe that it would substantially limit the major life activity of working.

18.  The Aggrieved Individuals were able to perform the essential functions of their jobs with or without reasonable accommodations.

19.  Since at least 2009, Autozone has violated § 12112(b)(5)(A), by failing to provide reasonable accommodations to the disabilities of Clay and Gomez during their employment, including refusing to allow Clay to sit for those portions of his shift that did not require standing work and refusing to modify Gomez's schedule to reduce the likelihood of migraines.

20.  Between early 2009 and lasting until at least 2011, Autozone failed to make reasonable accommodations to the disabilities of Aggrieved Individuals at its retail stores within the United States, in violation of § 12112(b)(5)(A)-(B), by refusing excuse a reasonable number of disability-related absences from penalty under Autozone's "no fault" attendance point policy (the "Attendance Policy" or "Policy") and discharging such individuals, instead.

    (a)    Under the Attendance Policy, employees accumulated points for absences, unless such absences were of a type exempted by the Policy.

    (b)    The Policy expressly prohibited any exemptions other than those set forth in the Policy.

    (c)    The Policy did not generally permit any exceptions for disability-related absences, even as a reasonable accommodation. For example, Clay, Gomez, and Matasar accumulated points because of absences related to

5

     their disabilities — including insulin reactions, migraines, and severe pain, respectively — despite their requests to have such absences excused or covered by accrued vacation time.

 (d) As a result of these practices, Aggrieved Individuals with even a modest number of disability-related absences were discharged.

 (e) The Aggrieved Individuals would not have been discharged, but for absences that were inextricably linked to their disabilities that Autozone declined to excuse.

21. Additionally, or in the alternative, Autozone's discharge of Gomez in July 2010 violated § 12203(a), in that it was done in retaliation for her having filed a charge of discrimination with the EEOC and/or for having complained internally about the Attendance Policy. Specifically, in retaliation for such protected activity, Gomez's store manager and other management officials of Autozone refused to permit Gomez to use accrued vacation time to excuse certain absences, and as a direct result she was discharged under the Attendance Policy.

22. Each of the unlawful employment practices complained of above was intentional.

23. Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Autozone, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.     Grant a permanent injunction enjoining Autozone, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that retaliates against any person for engaging in activity protected by the ADA.

C.     Order Autozone to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Autozone to make the Aggrieved Individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement of the Aggrieved Individuals;

E.     Order Autozone to make the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

F.     Order Autozone to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be determined at trial.

G.     Order Autozone to pay the Aggrieved Individuals punitive damages for the malicious and reckless conduct complained of above, in amounts to be determined at trial.

Case: 1:14-cv-03385 Document #: 18 Filed: 08/05/14 Page 8 of 8 PageID #:53

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the EEOC its costs in this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: August 5, 2014

Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507


JOHN C. HENDRICKSON
Regional Attorney

GREGORY M. GOCHANOUR
Supervisory Trial Attorney

 s/ Justin Mulaire
JUSTIN MULAIRE
Trial Attorney
Illinois Bar No. 6288437

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8045

8