IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-cv-3385 |
| v. | ) ) | Judge Robert M. Dow Jr. |
| AUTOZONE, INC., | ) ) | Jury Trial Demand |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, AutoZoners, LLC, and incorrectly named Defendant AutoZone, Inc., (collectively referred to as "Defendant"),[1] respectfully answer the correspondingly numbered allegations of the Amended Complaint filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC") as follows:

### NATURE OF THE ACTION

The allegations in this unnumbered paragraph do not require a response as they are largely legal conclusions. Out of an abundance of caution, Defendant denies the allegations contained in this paragraph.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

---

[1] AutoZone, Inc. was not the employer of the individually named allegedly "aggrieved individuals."

**ANSWER:** Defendant admits that jurisdiction is proper pursuant to the delineated sections of the United States Code. Defendant denies that it violated any laws as alleged in the Complaint and that any damages should be awarded.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois and elsewhere where Autozone does business in the United States.

**ANSWER:** Defendant admits that venue is proper in this District. The remaining allegations in this paragraph are denied.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and is further authorized by Title V of the ADA, 42 U.S.C. § 12203(c), which incorporates by reference the enforcement remedies and procedures available under Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

**ANSWER:** Defendant admits the allegations contained in Paragraph 3, but denies that it violated any laws as alleged in the Complaint.

4. At all relevant times, Defendant Autozone, Inc. has continuously been a Nevada corporation doing business throughout the United States, including within Kendall, Lake, and La Salle Counties in the State of Illinois, and has continuously had at least 15 employees.

**ANSWER:** AutoZone, Inc. denies the allegations contained in Paragraph 4, except to admit that it is incorporated in Nevada.

5. At all relevant times, Defendant Autozoners, LLC has continuously been a Nevada limited liability corporation doing business throughout the United States, including within Kendall, Lake, and La Salle Counties in the State of Illinois, and has continuously had at least 15 employees.

**ANSWER:** AutoZoners, LLC admits the allegations contained in Paragraph 5.

6. At all relevant times, Defendant Autozone, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of

the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C, §§ 2000e(g) and (h).

**ANSWER:** AutoZone, Inc. denies the allegations contained in Paragraph 6.

7. At all relevant times, Defendant Autozoners, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C, §§ 2000e(g) and (h).

**ANSWER:** AutoZoners, LLC admits the allegations contained in Paragraph 7.

8. At all relevant times, Defendant Autozone, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ANSWER:** AutoZone, Inc. denies the allegations contained in Paragraph 8.

9. At all relevant times, Defendant Autozoners, LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ANSWER:** AutoZoners, LLC admits the allegations contained in Paragraph 9.

10. On information and belief, one or both of Defendants, individually and/or jointly, were the employer of the Aggrieved Individuals, and Defendants are referred to jointly and severally as "Autozone."

**ANSWER:** AutoZone, Inc. denies that it employed any of the Aggrieved Individuals and further denies that it is a proper defendant. AutoZoners, LLC admits that it employed the specifically named Aggrieved Individuals Clay, Gomez, and Matasar. AutoZoners, LLC states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in paragraph 10 as no other "Aggrieved Individuals" have been named.

11. During the year 2009 and continuing to the present, Defendant Autozone, Inc. has continuously had more than 500 employees.

**ANSWER:** AutoZone, Inc. denies the allegations contained in Paragraph 11.

12. During the year 2009 and continuing to the present, Defendant Autozoners, LLC has continuously had more than 500 employees.

**ANSWER:** AutoZoners, LLC admits the allegations contained in Paragraph 12.

## STATEMENT OF CLAIMS

13. More than 30 days before institution of this suit, Clay, Gomez, and Matasar filed charges with the EEOC alleging that Autozone violated Titles I and Title V of the ADA.

**ANSWER:** Defendant admits that Clay, Gomez, and Matasar filed charges with the EEOC alleging that Defendant violated the ADA more than thirty days prior to the institution of this lawsuit. The remaining allegations of this paragraph are denied.

14. On May 28, 2013, the EEOC determined that there was reasonable cause to believe that Autozone discriminated against Clay, Gomez, Matasar and a class of other employees at its stores throughout the United States because of their disabilities, in that they were discharged because of disability-related absences and denied reasonable accommodations in connection with such absences, in violation of the ADA, and the EEOC also determined that Autozone denied Clay and Gomez other reasonable accommodations prior to discharging them, also in violation of the ADA.

**ANSWER:** Defendant admits that the EEOC issued Amended Determinations on May 28, 2013. Defendant denies that there was reasonable cause to believe that Defendant discriminated against Clay, Gomez, Matasar, or any other employee at any of its stores throughout the United States and further denies that Clay, Gomez, Matasar or any other employee was discharged because of disability-related absences or were denied reasonable accommodations. Defendant further specifically denies that it denied Clay, Gomez, or any other employee reasonable accommodations prior to discharging them and denies that it violated the ADA in any way.

15. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On May 28, 2013, the EEOC issued to Autozone a Letter of Determination inviting Autozone to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

   (b) On July 17, 2013, the EEOC issued to Autozone a Notice of Failure of Conciliation advising Autozone that despite its efforts the EEOC was

> unable to secure from Autozone a conciliation agreement acceptable to the Commission

**ANSWER:** Defendant denies that the conciliation efforts required by law have occurred and were unsuccessful.

> a. Defendant admits that by letters dated May 28, 2013, the EEOC issued Amended Determinations for Clay, Gomez and Matasar. In those documents, the Commission stated "I invite the parties to join with the Commission in reaching a just resolution of this matter." Defendant denies it engaged in discriminatory practices and that the EEOC and/or Clay, Gomez and Matasar are entitled to any relief.
>
> b. Defendant admits that the EEOC issued Notices of Failure of Conciliation on July 17, 2013 for Clay, Gomez and Matasar. Defendant denies that the EEOC exercised good faith efforts to secure a conciliation agreement.

16. All conditions precedent to the institution of this suit have been fulfilled.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16.

17. The Aggrieved Individuals have impairments that substantially limit one or more of their major life activities, and so they are individuals with disabilities, within the meaning of the ADA. For example, Matasar has type 2 diabetes, which substantially limits the major life activities of eating and the functioning of his endocrine system; Gomez has a migraine condition and digestive disorder that substantially limit major life activities including eating and neurological function; and Clay has a herniated disc in his spine, which substantially limits the major life activities of walking and standing, and which in its unmitigated state would involve pain so severe that it would substantially limit the major life activity of working.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 to the extent the allegations call for legal conclusions. Further pleading, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 17.

18. The Aggrieved Individuals were able to perform the essential functions of their jobs with or without reasonable accommodations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 to the extent the allegations call for legal conclusions. Further pleading, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 18.

19. Since at least 2009, Autozone has violated § 12112(b)(5)(A), by failing to provide reasonable accommodations to the disabilities of Clay and Gomez during their employment, including refusing to allow Clay to sit for those portions of his shift that did not require standing work and refusing to modify Gomez's schedule to reduce the likelihood of migraines.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20. Between early 2009 and lasting until at least 2011, Autozone failed to make reasonable accommodations to the disabilities of Aggrieved Individuals at its retail stores within the United States, in violation of § 12112(b)(5)(A)-(B), by refusing excuse a reasonable number of disability-related absences from penalty under Defendant's "no fault" attendance point policy (the "Attendance Policy" or "Policy") and discharging such individuals, instead.

   (a) Under the Attendance Policy, employees accumulated points for absences, unless such absences were of a type exempted by the Policy.
   (b) The Policy expressly prohibited any exemptions other than those set forth in the Policy.
   (c) The Policy did not generally permit any exceptions for disability-related absences, even as a reasonable accommodation. For example, Clay, Gomez, and Matasar accumulated points because of absences related to their disabilities — including insulin reactions, migraines, and severe pain, respectively — despite their requests to have such absences excused or covered by accrued vacation time.
   (d) As a result of these practices, Aggrieved Individuals with even a modest number of disability-related absences were discharged.
   (e) The Aggrieved Individuals would not have been discharged, but for absences that were inextricably linked to their disabilities that Defendant declined to excuse.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

   (a) Defendant denies the allegations contained in Paragraph 20(a).

   (b) Defendant denies the allegations contained in Paragraph 20(b).

   (c) Defendant denies the allegations contained in Paragraph 20(c).

(d)  Defendant denies the allegations contained in Paragraph 20(d).

(e)  Defendant denies the allegations contained in Paragraph 20(e).

21. Additionally, or in the alternative, Autozone's discharge of Gomez in July 2010 violated § 12203(a), in that it was done in retaliation for her having filed a charge of discrimination with the EEOC and/or for having complained internally about the Attendance Policy. Specifically, in retaliation for such protected activity, Gomez's store manager and other management officials of Defendant refused to permit Gomez to use accrued vacation time to excuse certain absences, and as a direct result she was discharged under the Attendance Policy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21. Defendant further denies that Plaintiff's claim of retaliation against Gomez is properly before this Court, because the EEOC failed to issue a Determination finding Defendant retaliated against Gomez.

22. Each of the unlawful employment practices complained of above was intentional.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23.

**PRAYER FOR RELIEF**

Defendant denies that the EEOC and/or the alleged Aggrieved Individuals are entitled to any relief whatsoever. Defendant further denies the allegations contained in the paragraph entitled Prayer for Relief.

WHEREFORE, Defendant demands judgment dismissing the Complaint against Defendant in its entirety, and entry of judgment in favor of Defendant, together with costs and reasonable attorney's fees incurred herein, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members are barred, in whole or in part, because Plaintiff and the purported class members cannot establish the necessary elements of their claims.

### SECOND AFFIRMATIVE DEFENSE

The damages of Plaintiff and the purported class members are barred, in whole or in part, to the extent that they exceed the relief available under any statute made the basis of this suit.

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members are barred, in whole or in part, because Defendant's actions at all times were based upon legitimate non-discriminatory reasons unrelated to any alleged protected characteristic.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members may be barred, in whole or in part, from recovery of damages by the after-acquired evidence doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the purported class members have failed to mitigate their damages, in whole or in part, and are therefore barred from recovery or any remedy requested.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the purported class members are not entitled to recover compensatory or punitive damages because Defendant did not engage in unlawful intentional discrimination, nor did it engage in any discriminatory practice with malice or reckless indifference to the rights of the Charging Parties and/or the purported class members.

## SEVENTH AFFIRMATIVE DEFENSE

Solely in the event Plaintiff and the purported class members succeed in proving some or all of their allegations, they have not alleged and cannot prove the level of conduct necessary to state a claim for punitive damages. Alternatively, Plaintiff and the purported class members' claims for punitive damages are barred by the defense set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), in that Defendant has anti-discrimination policies, makes reasonable efforts to educate employees about its anti-discrimination policies and the prohibitions of civil rights laws, and makes reasonable efforts to enforce the antidiscrimination policies. Therefore, Defendant denies any and all liability for punitive damages for any alleged acts of its employees which are contrary to Defendant's good faith efforts to comply with state law.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members are barred, in whole or in part, to the extent that they are not brought within the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members are barred because Plaintiff has failed to engage in good faith conciliation.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members fail because they are not disabled under the Americans With Disabilities Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members fail because they were not damaged by any allegedly unlawful policy.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members fail because they failed to engage in the interactive process.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members that Defendant failed to provide reasonable accommodations are barred in whole or in part to the extent such accommodations imposed an undue hardship on the operation of Defendant's business.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the purported class members are barred in whole or in part by the equitable doctrine of laches, waiver, estoppel and/or unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and the purported class members have failed to exhaust their administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under federal and/or state law, their claims are barred. Additionally, all claims not made the subject of a charge timely filed with the appropriate federal and/or state agency are time-barred.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to add additional affirmative defenses, as applicable, when Plaintiff identifies members of the purported "class of employees and former employees covered by the ADA."

Date: <u>October 6 , 2014</u>　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　By:　<u>*s/ Sepideh Esmaili Smith*</u>
　　　　　　　　　　　　　　　　　　　One of the attorneys for Defendant
　　　　　　　　　　　　　　　　　　　AUTOZONERS, LLC.

Brian W. Bulger
Jeremy J. Glenn
Jason E. Barsanti
Sepideh Esmaili Smith
MECKLER BULGER TILSON
　MARICK & PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
(312) 474-7981 - Telephone
(312) 474-7898 – Facsimile
sepideh.smith@mbtlaw.com

Tracy E. Kern (LA Bar #20246)
*Admitted Pro Hac Vice*
JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8262 - Telephone
(504) 589-8262 – Facsimile

***Counsel for Autozoners, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 6, 2014,** I electronically filed **Answer and Affirmative Defenses to Plaintiff's Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                      *s/ Sepideh Esmaili Smith*