IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

    v.

AUTOZONE, INC., and
AUTOZONERS, LLC,

    Defendants.

Civil Action No. 14-cv-3385

Judge Dow

## PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") hereby moves for partial summary judgment that each aggrieved individual ("claimant") was a qualified individual with a disability and that Defendants Autozone, Inc., and Autozoners, LLC ("Autozone") failed to accommodate each claimant's disability by showing flexibility in the application of its attendance policy.

To prevail in its failure to accommodate case, EEOC must prove that (1) each aggrieved individual was a qualified individual with a disability; (2) AutoZone was aware of their disability; and (3) AutoZone failed to reasonably accommodate the disability. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 832 (7th Cir. 2013). It is not necessary for EEOC to prove that the employer acted with animus or that the employer's action resulted in an adverse employment action. *See EEOC v. Autozone*, 630 F.3d 635, 638 n.1 (7th Cir. 2010).

Any reasonable jury would be compelled to conclude, based on the undisputed facts, that each claimant was a qualified individual with a disability (prong one) and that AutoZone failed to accommodate each claimant's disability by showing flexibility in the application of its attendance policy though Autozone had the capacity to do so under its policy and though Autozone continued the employment of others who surpassed the 12-point threshold, creating a significant group of "tolerated violators" (prong three). EEOC thus moves for summary judgment on prongs one and three of EEOC's failure to accommodate case for each claimant, which will significantly narrow the issues for trial.[1]

In support its motion, the EEOC submits its *Combined Memorandum in Support of its Motion for Partial Summary Judgment and Response to Defendant's Motion for Summary Judgment*, *Statement of Undisputed Facts, Statement of Additional Facts, Response to Defendants' Statement of Undisputed Facts,* and accompanying exhibits.

January 29, 2020                                             Respectfully Submitted,

---

[1] EEOC acknowledges there is a dispute of facts regarding AutoZone's knowledge of the claimant's disabilities and of the relationship between their disabilities and their tardiness or absences from work and EEOC does not seek summary judgment on prong two.

/s Ethan Cohen
Ethan Cohen
Supervisory Trial Attorney

/s Deborah Hamilton
Deborah Hamilton
Supervisory Trial Attorney
/s Miles Shultz
Miles Shultz
Trial Attorney

/s Kelly Bunch
Kelly Bunch
Trial Attorney

U.S. Equal Employment
 Opportunity Commission
230 S. Dearborn, Suite 2920
Chicago, IL 60604

ATTORNEYS FOR PLAINTIFF

3