IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOZONE, INC., and AUTOZONERS, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 14-3385<br><br>JUDGE ROBERT M. DOW |

## MOTION FOR SUMMARY JUDGMENT

Now into Court, through undersigned counsel, come Defendants, AutoZone Inc. and AutoZoners, LLC (collectively, "AutoZone"), and submit this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1. Based on the undisputed facts and the law, the EEOC cannot survive summary judgment on any claims with respect to any of the claimants. Specifically:

    1.    With respect to the EEOC's failure to accommodate claim asserted under the Americans with Disabilities Act ("ADA"), the EEOC's entire premise - - that AutoZone utilized a "no fault" attendance policy that did not account for individuals' disabilities - - is simply false. In any event, with respect to this claim, the EEOC cannot meet its burden to establish that each claimant: (a) is a disabled person within the meaning of the ADA; (b) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (c) has suffered an adverse employment decision as a result of discrimination. As set forth more fully in the accompanying Memorandum in Support of its Motion for Summary Judgment:

  A. Every single claimant acknowledged that attendance is an essential function of their job as they admitted that: (1) the work they performed had to be done at the store; (2) customer service was an important part of their job, and AutoZone's ability to provide good customer service depended on employees being present for their scheduled shifts and showing up for their shifts on time; and (3) when employees were absent or late, that negatively affected customer service and other employees.

  B. No decision maker knew any claimant was disabled or had requested any accommodation to the attendance policy due to a disability.

  C. Claimants Lozada and Lindsey admitted they were not even disabled during their employment with AutoZone. And given that Mr. Viguera is merely claiming to have a "hurt back" for which he needed some sessions of physical therapy, he is not identifying any so-called disability.

  D. Claimants Gomez, Matasar, Clay, and Robbins admitted they were unable to maintain regular attendance during their employment. Additionally, these claimants were unable to state that every attendance point they received was due to a disability-related absence/tardiness.

  E. Claimants Gomez, Matasar, Lozada, and Lindsey admitted that they never requested any accommodation to the attendance policy due to a disability - - thus, AutoZone could not have denied any request.

  F. To the extent any claimant would have requested to receive an unlimited number of absences/tardiness occurrences due to a disability, such a request would be unreasonable as a matter of law.

G. Claimants Lozada, Viguera, Jackson, Lindsey and Robbins were discharged after abandoning their jobs.

2. With respect to the EEOC's failure to accommodate claim asserted solely with respect to Ms. Gomez based on an allegation that AutoZone failed to grant her request for an accommodation to only work morning shifts, the EEOC is still unable to demonstrate that she was a qualified individual with a disability based on her admitted inability to maintain attendance and her admitted knowledge that to be qualified for her position, she was required to be able to work any and all shifts.

3. With respect to the EEOC's retaliatory discharge claim asserted solely with respect to Ms. Gomez, the EEOC cannot establish even *a prima facie* claim because of the lengthy lapse in time between her alleged complaint of discrimination and her discharge and because she was disciplined for the same misconduct both before and after she complained. Alternatively, the EEOC cannot meet its ultimate burden to demonstrate that her discharge was a pretext for intentional retaliation given that AutoZone terminated numerous other individuals for violating the attendance policy who never reported any alleged discrimination.

In support of AutoZone's Motion, AutoZone submits the following: (1) Memorandum in Support of Motion for Summary Judgment; (2) Defendants' Statement of Undisputed Material Facts; 3) Excerpts from 30(b)(6) Deposition of AutoZoners, LLC, attached as Exhibit A; 4) Excerpts from Deposition of Tina Cleveland, attached as Exhibit B; 5) Excerpts from Deposition of Ms. Gomez, attached as Exhibit C; 6) Excerpts from Deposition of Julio Lozada, attached as Exhibit D; 7) Excerpts from Deposition of Mr. Matasar, attached as Exhibit E; 8) Excerpts from Deposition of Adrian Viguera, attached as Exhibit F; 9) Excerpts from Deposition of Gary Clay, attached as Exhibit G; 10) Excerpts from Deposition of Dawn Blyden, attached as Exhibit H;

11) Excerpts from Deposition of Kyle Jackson, attached as Exhibit I; 12) Excerpts from Deposition of Sean Robbins, attached as Exhibit J; 13) Excerpts from Deposition of Jerald Lindsey of August 29, 2018, attached as Exhibit K; 14) Excerpts from Deposition of Rebecca Peetz, attached as Exhibit L; 15) Excerpts from Deposition of Robert Harris, attached as Exhibit M; 16) Excerpts from Deposition of David Garcia, attached as Exhibit N; 17) Excerpts from Deposition of John Sullivan, attached as Exhibit O; 18) Excerpts from Deposition of Victor Garcia, attached as Exhibit P; 19) Excerpts from Deposition of Hector Ayon, attached as Exhibit Q; 20) Declaration of Tina Cleveland, Exhibit R; 21) Excerpts from the Store Handbook and Code of Conduct @2004-2009, Bates numbers AZ-544 through AZ-556, attached as Exhibit S, 22) Excerpts from Store Handbook and Code of Conduct, @2004-2011, Bates numbers AZ-570 through AZ-581, attached as Exhibit T; 23) Excerpts from Deposition of Gina Jackson, attached as Exhibit U; 24) Declaration of Nancy Stephens, attached as Exhibit V; 25) Excerpts from Deposition of Timothy Young, attached as Exhibit W; 26) Excerpts from Deposition of Aubrey Logan, attached as Exhibit X; 27) Excerpts from Deposition of Chris Kellogg, attached as Exhibit Y; 28) Declaration of Dawnn Blyden, attached as Exhibit Z; 29) Declaration of Rebecca Peetz, attached as Exhibit AA; 30) Excerpts from Deposition of Brian Lucas, attached as Exhibit BB; 31) Excerpts from Deposition of Rene Garcia, attached as Exhibit CC; 32) Excerpts from Deposition of Muneef Elateek, attached as Exhibit DD; 33) Excerpts from Deposition of Joel Smith, attached as Exhibit EE; 34) Excerpts from Deposition of Jerald Lindsey, February 28, 2019, attached as Exhibit FF; and 35) Excerpts from Deposition of Lionel Moise, attached as Exhibit GG.

Dated:  November 1, 2019	Respectfully submitted,

        Beverly P. Alfon
        Bar No.: 6274459
        Smith Amundsen LLC
        150 North Michigan Avenue, Suite 3300
        Chicago, IL 60601
        Telephone: 312-894-3323
        Facsimile:  312-997-1735
        Email: balfon@salawus.com

        And

        */s/ Laurie M. Riley*
        Laurie M. Riley (FL Bar No.: 657751)
        Admitted *Pro Hac Vice*
        Jones Walker LLP
        201 South Biscayne Boulevard, Suite 2600
        Miami, FL 33131
        Telephone: 305-679-5728
        Facsimile: 305-679-5816
        Email: lriley@joneswalker.com

        And

        Tracy E. Kern (LA Bar No. 20246)
        Admitted *Pro Hac Vice*
        Jennifer F. Kogos (LA Bar No.: 25668)
        P.J. Kee (LA Bar No.: 34860)
        Jones Walker LLP
        201 St. Charles Avenue, 47th Floor
        New Orleans, Louisiana 70170-5100
        Telephone:  504-582-8262
        Facsimile:  504-589-8262
        Email: tkern@joneswalker.com
        Email: jkogos@joneswalker.com
        Email: pkee@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, I served a true and correct copy of the foregoing by filing same into ECF upon the following counsel of record:

Ethan M.M. Cohen
Deborah L. Hamilton
U.S. Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2000
Chicago, IL 60661
ethan.cohen@eeoc.gov
deborah.hamilton@eeoc.gov

Kelly Bunch
Gregory M. Gochanour
Miles Shultz
U.S. Equal Employment Opportunity Commission
230 S. Dearborn, Suite 2920
Chicago, IL 60604
Kelly.bunch@eeoc.gov
Gregory.gochanour.bunch@eeoc.gov
miles.shultz@eeoc.gov

*/s/ Laurie M. Riley*
Laurie M. Riley