IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AUTOZONE, INC., and AUTOZONERS, LLC,<br><br>  Defendants. | Civil Action No. 14-cv-3385<br><br>Judge Robert M. Dow, Jr. |

**PLAINTIFF EEOC'S NOTICE OF CLAIMANT'S DEATH**

  Regrettably, Plaintiff, the Equal Employment Opportunity Commission ("EEOC") writes to inform the Court of the passing of one of the claimants on whose behalf EEOC seeks relief, Kyle Jackson. Although Jackson's date of death was April 3, 2021, the EEOC first learned of it last week. In light of Jackson's death, the EEOC hereby waives any claim to further accrual of damages for lost wages for the period after April 2021 and will seek Jackson's backpay in accord with his availability and mitigation.

  Because the EEOC, not Jackson, is the plaintiff in this action, however, his passing does not otherwise affect the pending motions in this case, either procedurally or substantively. "[T]he EEOC is not merely a proxy for the victims of discrimination," *General Telephone Co. of the Northwest v. EEOC*, 446 U.S. 318, 326 (1980). "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *Id* at 326*; see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002).

1

Substantively, except as noted above, the monetary and nonmonetary relief sought by the EEOC is also unchanged. The Supreme Court, the Seventh Circuit, and other courts have repeatedly recognized that the EEOC has independent authority to seek relief to enforce the law. When it files suit to enforce federal employment discrimination law, "the EEOC does not stand in the employee's shoes." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002); *see also EEOC v. Sidley Austin LLP*, 437 F. 3d 695 (7th Cir. 2006) (finding the EEOC has authority to bring an ADEA claim even in the absence of a charge or evidence that any aggrieved individual sought relief from the EEOC).

"[T]he death of a charging party will not render the action moot." *EEOC v. Greyhound Lines, Inc.*, 411 F. Supp. 97, 101 (W.D. Pa 1976). The EEOC has gone trial previously in this district in an ADA case on behalf of a claimant who died during the pendency of the litigation. *E.E.O.C. v. Mid-Continent Sec. Agency, Inc.*, 99 C 5381, 2001 WL 800089, at *3 (N.D. Ill. July 12, 2001).

The EEOC brings suit under Title VII, 42 U.S.C. 2000e-(f)(1) [and under the ADA, 42 U.S.C. 12117 (a)] not only to vindicate rights of the individual but also the public. *Id..*, citing *EEOC v. General Electric Company*, 532 F.2d 359 (4th Cir. 1976). "The EEOC's primary role is that of a law enforcement agency and it is merely a detail that it pays over any monetary relief obtained to the victims of the defendant's violation...." *In re Bemis Co., Inc.*, 279 F.3d 419, 421 (7th Cir. 2002). Victim-specific monetary relief serves "an obvious public function in deterring future violations." *Waffle House*, 534 U.S. at 294-95. The monetary and nonmonetary relief sought by the EEOC in this case as a result of Autozone's termination of Jackson will serve the public interest in deterrence of future violations of the law by the Defendant and by other employers.

Respectfully Submitted,

s/ Kelly J. Bunch
Kelly J. Bunch
Trial Attorney
United States Equal Employment
Opportunity Commission
230 S. Dearborn, Ste 2920
Chicago, Illinois 60604
312-872-9704
Kelly.Bunch@eeoc.gov
IL ARDC #6323195

## CERTIFICATE OF SERVICE

      I, Kelly Bunch, hereby certify that on October 29, 2021, I caused the PLAINTIFF EEOC'S NOTICE OF CLAIMAINT'S DEATH to be served on all counsel of record through the Court's electronic filing and case management system:

      s/ Kelly J. Bunch
Kelly J. Bunch
Trial Attorney
United States Equal Employment
Opportunity Commission
230 S. Dearborn, Ste 2920
Chicago, Illinois 60604
312-872-9704
Kelly.Bunch@eeoc.gov
IL ARDC #6323195