**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14 C 3385 |
| v. | ) ) | Hon. Jorge L. Alonso |
| Autozone, Inc. and Autozoners, LLC, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in the "Statement" section below, AutoZoners, LLC's Motion to Bifurcate the Issue of Punitive Damages [353] is DENIED.

**STATEMENT**

The remaining Defendant AutoZoner's, LLC ("Defendant" or "AutoZone") moves now to bifurcate the issue of punitive damages. Under Federal Rule of Civil Procedure 42(b) a court may order separate trials on any claim or on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." Fed. R. Civ. P. 42(b); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). If one of these criteria is met, a district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment. *Vandersteen v. Kelly*, No. 07 C 5632, 2010 WL 659327, at *1 (N.D. Ill. Feb. 23, 2010). The decision to bifurcate is committed to the sound discretion of the district court. *Krocka*, 203 F.3d at 516.

That being said, "[t]he default rule under the Federal Rules of Civil Procedure is that issues of liability and damages are tried together." *EEOC v. Wal-Mart Stores, Inc.*, 503 F. Supp. 3d 801, 816 (W.D. Wis. 2020), *aff'd*, 38 F.4th 651 (7th Cir. 2022); *see also* Fed. R. Civ. P. 42 advisory committee's note (stating that bifurcation is "not to be routinely ordered"); *A.L. Hansen Mfg. Co. v. Bauer Prods., Inc.*, 03 C 3642, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004) ("[T]he decision to bifurcate centers on a balance of equities. However, this balance is weighted against bifurcation." (cleaned up)); *Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *2 (N.D. Ill. Nov. 9, 2001) ("[I]n this Circuit bifurcation is not treated as a 'preferred method' of proceeding." (citation omitted)). The party seeking bifurcation bears the burden to show that it is warranted in a particular case. *William Reber, LLC v. Samsung Elecs. Am., Inc.*, 220 F.R.D. 533, 536 (N.D. Ill. 2004), *vacated in part on other grounds sub nom. William Reber, LLC v. Sony Ericsson Mobile*, No. CIV.A. 03 C 4174, 2004 WL 2535074 (N.D. Ill. Sept.

1

27, 2004).

In this case, Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that AutoZone failed to accommodate eight former employees in violation of the Americans with Disabilities Act ("ADA") with respect to AutoZone's attendance policy and discharged those employees due to their disability-related absences instead of reasonably accommodating them. The EEOC also alleges that AutoZone failed to accommodate a request for a stool by refusing to allow one of those former employees to sit. The EEOC has further alleged that punitive damages are appropriate because AutoZone's conduct was committed with malice or reckless indifference to the class members' employment rights. This case is currently set for a jury trial beginning on October 9, 2023. The parties have agreed that the issues of back pay and mitigation should be heard outside the presence of the jury because they are equitable issues for the Court to decide.

A plaintiff "may recover punitive damages . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice . . . with malice or with reckless indifference" to the aggrieved individual's protected rights under the ADA. 42 U.S.C. § 1981a(b)(1); *Gile v. United Airlines, Inc.*, 213 F.3d 365, 375-76 (7th Cir. 2000); *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1126 (7th Cir. 1996). "A plaintiff may satisfy this element by demonstrating that the relevant individuals knew of or were familiar with the anti-discrimination laws but nonetheless ignored them or lied about their discriminatory activities." *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 835 (7th Cir. 2013) (citation and internal punctuation omitted). "[I]n the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good faith efforts to comply with Title VII." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 545 (1999) (internal quotations omitted); *see also AutoZone, Inc.*, 707 F.3d at 835 (7th Cir. 2013) (applying *Kolstad* in context of the ADA). In other words, "[w]here an employer has undertaken such good faith efforts at Title VII compliance, it 'demonstrates that it never acted in reckless disregard of federally protected rights.'" *Kolstad*, 527 U.S. at 544.

AutoZone contends that evidence of its alleged malice or reckless indifference to an employee's federally protected rights, along with evidence of its good-faith efforts at ADA compliance, are best presented in a trial separate and apart from liability and compensatory damages issues. Each argument that AutoZone makes is addressed in turn.

First, AutoZone argues that preparing and presenting potentially unnecessary evidence on punitive damages in a single proceeding, which would in turn require potentially needless evaluation by the Court and the jury, runs counter to the interests of judicial economy, efficiency, and convenience. AutoZone identifies the following evidence as unique to punitive damages: testimony regarding AutoZone's net worth and the training provided to all AutoZone employees and managers (as opposed to the training provided to the former employees and managers at issue). AutoZone also makes the somewhat self-defeating argument that bifurcation would narrow the issues and reduce the number of witnesses and exhibits necessary at the punitive damages phase because the jury would have already heard the witnesses' testimony during the liability phase of the trial.

The EEOC disagrees, arguing that evidence related to punitive damages substantially

overlaps with evidence related to liability, and thus will be presented before the jury during the first phase regardless of bifurcation. The Court agrees. No witnesses are identified solely for the purpose of establishing punitive damages. Additionally, net worth and training are not issues that are uniquely relevant to punitive damages. Evidence as to AutoZone's net worth is also relevant to the EEOC's argument that AutoZone would not have suffered undue hardship by granting reasonable accommodations. Evidence of training also relates to the liability issues of notice of the need for accommodation, availability of accommodations, and managerial authority. For these reasons, bifurcation does not serve judicial economy.

The Seventh Circuit cases cited by AutoZone do not merit a different result because they do not bifurcate failure to accommodate liability issues from punitive damages or consider whether such types of issues substantially overlap. *See Franzen v. Ellis Corp.*, 543 F.3d 420, 423 (7th Cir. 2008); *Biondo v. City of Chicago*, 382 F.3d 680, 683 (7th Cir. 2004); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

Second, AutoZone argues that the danger of jury confusion as to liability and compensatory damages would be greater if all the evidence were presented together, because the punitive damages issue is not inextricably bound to the facts underlying the alleged discrimination. AutoZone does not expand upon this argument or explain in what way the jury may become confused. In any event, the Court finds that there are substantial overlap between the evidence relevant to liability and to punitive damages. *Supra*.

Third, AutoZone argues that trial of all issues in a single proceeding would inject prejudicial and irrelevant evidence into jury consideration of the EEOC's claims, particularly evidence related to its financial condition and net worth. As explained above, however, the EEOC intends to introduce such evidence in support of liability-related issues. Further, the EEOC argues—and the Court agrees—that any risk of prejudice or confusion to the jury could be mitigated through limiting instructions from the Court, which is the Seventh Circuit's preferred method for addressing prejudice.

Finally, AutoZone argues that there is no prejudice to the EEOC because it has already agreed to separate the issues of back pay and mitigation of damages from the trial on liability, and the number of witnesses and exhibits needed for any punitive damages phase would be extremely limited. The EEOC, however, argues that it will be prejudiced by unduly limiting liability evidence and requiring the EEOC to recall its witnesses for a subsequent proceeding, which is also less efficient for the jury. Additionally, the limited nature of evidence unique to punitive damages supports the conclusion that it would be inefficient in these circumstances to recall witnesses in a second proceeding. The fact that the parties have agreed to address backpay and mitigation outside the hearing of the jury because they are equitable issues for the Court to decide is not persuasive in determining efficiency for the jury.

For the reasons explained herein, AutoZone has not carried its burden of showing that bifurcation is warranted in this case. AutoZone's motion to bifurcate is denied.

**SO ORDERED.**                                    **ENTERED: September 7, 2023**

_____
**HON. JORGE ALONSO**
**United States District Judge**