IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 14-CV-3385 |
| v. | ) ) | JUDGE JORGE L. ALONSO |
| AUTOZONE, INC., and AUTOZONERS, LLC, | ) ) ) | |
| Defendants. | | |

**DEFENDANT'S SUPPLEMENTAL AUTHORITY
IN RESPONSE TO PLAINTIFF'S TWELFTH MOTION *IN LIMINE*** 

Defendant, AutoZoners, LLC, ("AutoZone"), by and through its attorneys, hereby provides supplemental authority in response to Plaintiff's Twelfth Motion *in Limine* (Rec. Doc. 335-336) and states as follows:

The Court relied on one decision cited by the EEOC, *EEOC v. Rent-A-Center E. Inc*., 303 F. Supp. 3d 739, 745-46 (C.D. Ill. 2018), for the proposition that Kyle Jackson's sworn statements to the unemployment commission were not admissible because they could not constitute party opponent admissions. While that court was unwilling to hold that an employee's statements are always party opponent admissions in cases brought by the EEOC, the court permitted the employer to introduce statements the employee made during the deposition as either: (1) "adoptive statements" - - because the EEOC claimed the attorney/client privilege re: communications with the charging party; or (2) as party opponent admissions. The court also recognized the following: "As a final note, during the Final Pre-trial Conference discussion on the issue, RAC mostly argued that it seeks to admit Kerr's statements to demonstrate how her story has evolved over the years. If this is RAC's intended use for the statements, as indicated in footnote 1 of its brief (d/e #88, p.2),

then the hearsay analysis is mostly inapplicable as the statements are not being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). The declarant's out of court statements, to the extent they are relevant, not related solely to collateral matters, and are indeed inconsistent, would be admissible for the limited purpose of impeaching a testifying declarant, regardless whether the declarant's (including Kerr's) statements constitute hearsay. See Fed. R. Evid. 613(b)." Thus, even the sole decision cited by the EEOC recognized that, depending on the circumstances present, statements by claimants/Charging Parties can be admissible as party opponent admissions. Moreover, that decision is contrary to **numerous** other ones in which Courts have correctly held that statements by claimants are, in fact, admissible as party opponent admissions under the same circumstances as those present in this litigation.

For example, in *EEOC v. Placer ARC*, 2016 U.S. Dist. LEXIS 1947 (E.D. Cal. Jan. 6, 2016), a disability discrimination case, the employer sought to introduce out-of-court statements that the Charging Party had made and did so for the express purpose of being considered for their truth. The EEOC argued that such statements were hearsay because the Charging Party was not an "opposing party" within the meaning of the party opponent rule, Fed. R. Evid. 801(d)(2).

The employer argued the following in support of its arguments that statements made by the Charging Party **should** be admissible as party opponent admissions: ARC made the following points:

(1) during discovery, the EEOC had claimed that the Charging Party was its client for purposes of the attorney-client privilege such that she could not be compelled to discuss communications with the EEOC;

(2) in another case, *EEOC v. Merchs. State Bank*, 554 F.Supp.2d 959 (D.S.D. 2008), the EEOC had asserted that a charging party was a real party of interest. In that matter, the employee

2

sought to intervene as a plaintiff in the action brought by the EEOC against his former employer. The EEOC argued that the charging party was a "real party in interest because he retained an interest in obtaining injunctive relief against defendant and retained an interest in reinstatement." *Id.* at 962. The Court accepted the EEOC's assertion and allowed the Charging Party to intervene. *Id*. at *3.

In conducting its analysis, the court noted that the Seventh Circuit has stated that, "The concern behind the hearsay principle is with the reliability of evidence. . . .[and] [t]he standard justification of its admissibility is a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *Id*. at *5, citing United States v. DiDomenico*, 78 F.3d 294, 303 (7th Cir. 1996). The Court recognized that the Charging Party was "no ordinary witness but rather a 'witness plus' on whose statements [the employer] should be entitled to rely as a practical matter, given the traditional justifications for the hearsay rules and its exclusions. At the same time, the court notes that several if not all of the statements admitted would likely be admissible as statements offered for matters other than their truth, as evidence of the [Charging Party's] present sense impression, as an excited utterance, or as a statement of her then-current mental or emotional state." *Id*. at *6-7. Accordingly, the court agreed that the Charging Party's out of court statements were admissible. *Id*.

Similarly, in *EEOC v. Triangle Catering, LLC*, 2017 U.S. Dist. LEXIS 28476 (E.D. N.C. Mar. 1, 2017), when opposing the employer's motion for summary judgment, the EEOC moved to strike the EEOC interview notes of the discussion with the employee as inadmissible hearsay because the notes contained statements by the employee that he was an independent contractor rather than an employee. In agreeing with the analysis set forth in the above *Placer ARC*

3

decision, the court held that hat the statements of the employee to the EEOC were admissible as party-opponent admissions. *Id*. at *8-9.

Additionally, in *EEOC v. United Health Programs of America*, Case No. 1:14-cv-03673-KAM-JO, (E.D. N.Y. March 27, 2017), during the pretrial conference, the EEOC argued that the out of court statements of various Charging Parties were not admissible as party-opponent admissions. In agreeing with the reasoning of the above decisions and holding that such statements were, in fact, party opponent admissions, the court noted that:

> The EEOC is bringing its action in its own right . . . but the [employees] themselves are necessary in some way. They give the meat and bones to the EEOC's claim and they, the Court noted, as defense counsel points out, that they are witnesses plus on whose statements a defendant should rely.

*See* transcript of pretrial conference, attached as Exhibit A, pp. 26-29. *See also*, *EEOC v. Bok Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 U.S. Dist. LEXIS 188375, at *12 (D.N.M. May 6, 2014) (holding that exhibits pertaining to statements in the EEOC's investigate file were statements against interest by the real party-in-interest, Ms. Morantes (the employee/charging party) and that "[a] statement by a party that is an admission against that party's interest should be admitted, barring any other reason it should not be, regardless of when or to whom it was made.").

Turning to the instant litigation, during discovery, the EEOC repeatedly asserted the attorney client privilege concerning its communications with the "Aggrieved Individuals." *See, e.g.,* Deposition excerpts of Julio Lozada, attached as Exhibit B, pp. 90:12-21; 94:21-95:5; Deposition excerpts of Jerald Lindsey, attached as Exhibit C, pp. 14:18-17:25; Deposition excerpts of Adrian Viguera, attached as Exhibit D, pp. 20:22-22:16; 50:18-23; Deposition excerpt of Sean Robbins, attached as Exhibit E, p. 25:3-20.

Thus, even pursuant to the lone decision cited by the EEOC, *EEOC v. Rent-A-Center E. Inc.*, 303 F. Supp. 3d 739, 745-46 (C.D. Ill. 2018), because the EEOC has asserted that the attorney-client privilege applied during discovery with respect to communications with the "Aggrieved Individuals," it should not be permitted now to claim that statements by those individuals cannot constitute party-opponent admissions. This is particularly true with respect to the EEOC's Motion *in Limine* No. 12 (regarding Mr. Jackson's statements to the unemployment commission) given that: (1) Mr. Jackson never asserted any discrimination claims against AutoZone either immediately following his separation from the company in 2009 or during the eight years following his separation and before being contacted by the EEOC; and (2) the statements at issue by Mr. Jackson were sworn statements, made to a government entity immediately following his termination. Moreover, as noted above, the vast majority of Courts have held that statements by employees are, in fact, party opponent admissions in connection with litigation in which the EEOC is the "plaintiff."

In the alternative, if not admissible as party-opponent admissions, then they would certainly be admissible as a "present sense impression" or to show the inconsistencies in what Mr. Jackson has stated regarding whether or not he was able to work in 2009.

Respectfully submitted,

*/s/ Laurie M. Riley*
Laurie M. Riley (FL Bar No.: 657751)
Admitted *Pro Hac Vice*
Jones Walker LLP
201 South Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone: 305-679-5728
Facsimile: 305-679-5816
Email: lriley@joneswalker.com

and

5

Tracy E. Kern (LA Bar No. 20246)
Admitted *Pro Hac Vice*
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8262
Facsimile: 504-589-8262
Email: tkern@joneswalker.com
Email: jkogos@joneswalker.com
Email: pkee@joneswalker.com

and

Beverly P. Alfon
Bar No.: 6274459
Amundsen Davis, LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Telephone: 312-894-3323
Facsimile: 312-997-1735
Email: balfon@amundsendavislaw.com

*Attorneys for Defendant*