IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 14-cv-3385 |
| v. | Judge Alonso |
| AUTOZONE, INC., and AUTOZONERS, LLC, | |
| Defendants. | |

PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFF'S
TWELFTH MOTION *IN LIMINE*

Plaintiff EEOC provides the following brief response to Defendant AutoZoners, LLC's ("AutoZone") "supplemental authority" in relation to EEOC's twelfth motion in limine (ECF No. 368), which the Court granted as to the statements by aggrieved individual Kyle Jackson to the Missouri unemployment commission. AutoZone's supplemental cases and argument should not change the outcome with regard to EEOC's motion. The reasoning (and several of the cases) AutoZone cites for the proposition that aggrieved individuals in EEOC lawsuits should be considered party opponents under Fed. R. Evid. 801(d)(2)(A) was considered and rejected in the case EEOC cited in support of its motion (ECF No. 348 at p. 15) and on which the Court relied, *EEOC v. Rent-A-Center E. Inc.*, 303 F. Supp. 3d 739, 745-46 (C.D. Ill. 2018). And the aggrieved-individual statements at issue are distinct from those found adopted under Fed. R. Evid. 801(d)(2)(B) in *Rent-A-Center*. Further, AutoZone's briefing addresses only statements by one aggrieved individual (Kyle Jackson) but AutoZone uses language that suggests it is seeking a

1

broader ruling on this issue. Regardless of the resolution as to this document, any such effort must be rejected as the inquiry under Fed. R. Evid. 801(d)(2)(B) is individualized.

In concluding that aggrieved individuals are not parties for purposes of Fed. R. Evid. 801(d)(2)(A), the *Rent-A-Center* court cited and rejected several of the cases AutoZone now cites. *See* 303 F. Supp. 3d at 742-44 (discussing and rejecting *EEOC v. Triangle Catering*, No. 5:15-cv-00016, 2017 WL 818261 (E.D.N.C. Mar. 1, 2017) and *EEOC v. Placer Arc*, No. 2:13-cv-0577, 2016 WL 74032 (E.D. Cal. 2016 Jan. 7, 2016)). The other two cases AutoZone cites (both of which predate *Rent-A-Center*) also rely on the same flawed reasoning described and rejected in *Rent-A-Center*—finding that an aggrieved individual or charging party's potential role as a "real party in interest" or "witness plus" in an EEOC lawsuit renders him or her a party opponent under Rule 801(d)(2)(A). *See* Transcript of Pre-Trial Conference at 29, *EEOC v. United Health Programs of Am.*, No. 1:14-cv-03673 (E.D.N.Y. Mar. 27, 2017) (ECF No. 368-1 at p. 5) (relying on *Triangle Catering* and *Placer* and argument that aggrieved individuals are "witnesses plus"); *EEOC v. BOK Fin. Corp.*, No. CIV 11-1132, 2014 WL 11636149, at *3 (D.N.M. May 6, 2014) (finding without further discussion or any case citations that the charging party's statements were admissible as "statements against interest by the real party-in-interest"). As described in *Rent-A-Center*, this reasoning ignores the plain language of the rule and circuit caselaw, which make clear that an aggrieved individual is not a "party" in an EEOC lawsuit. 303 F. Supp. 3d at 742-44 (citing, *e.g.*, *In re Bemis*, 279 F.3d 419, 422 (7th Cir. 2002)).

To the extent AutoZone now argues that EEOC adopted any aggrieved individual's statements under Fed. R. Evid. 801(d)(2)(B), such statements would have to be considered individually in light of all surrounding circumstances. *See Rent-A-Center*, 303 F. Supp. 3d at 744. The statements by Mr. Jackson to the state unemployment commission—which are the only

2

aggrieved-individual statements AutoZone has identified here—are distinct from those the court found were adopted by the EEOC in *Rent-A-Center*. In *Rent-A-Center*, the out-of-court statements at issue were first the charging party's statements made to the EEOC investigator, which the court found EEOC adopted by filing its complaint incorporating those or similar statements. *Id.* at 745. And second, the charging party's statements at her deposition, which the court found EEOC adopted by asserting an attorney-client privilege at the deposition. *Id.* at 745-46.

In this case, the out-of-court statements at issue were made to an unrelated third-party years before EEOC first interacted with Mr. Jackson. Nothing "tie[s]" EEOC's position to those statements in a "very meaningful way." *Id.* at 745. EEOC does maintain a privilege with the aggrieved individuals—though EEOC notes that this privilege is distinct from the traditional attorney-client privilege. *See, e.g., Bauman v. Jacobs Suchard, Inc.*, 136 F.R.D. 460, 462-63 (N.D. Ill. 1990) (referring to de facto attorney-client privilege); *United States v. Schwimmer*, 892 F.2d 237, 243-44 (2d Cir.), *cert. denied*, 112 S. Ct. 55 (1991) (discussing the common interest rule). It does not follow from this relationship that all prior statements by the aggrieved individuals have been adopted by the EEOC. *See, e.g., Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980) ("EEOC is not merely a proxy for the victims of discrimination"); *In re Bemis Co.*, 279 F.3d 419, 421 (7th Cir. 2002) ("The EEOC's primary role is that of a law enforcement agency and it is merely a detail that it pays over any monetary relief obtained to the victims of the defendant's violation . . . .").

The other exceptions to the hearsay rule that AutoZone seems to cite—present-sense impression and prior inconsistent statements—do not apply. *See* ECF No. 368 at p. 5. Mr. Jackson made his statements to the unemployment commission months after his termination—not "while or immediately after" the event. Fed. R. Evid. 803(1); *Daniel v. Cook Cnty.*, 833 F.3d 728, 743 (7th Cir. 2016) ("The [present-sense impression] statement must have been made

3

contemporaneously with the speaker observing the events, or immediately thereafter."). Mr. Jackson's prior statement also was not "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition," and Mr. Jackson is deceased and will not be testifying and subject to cross-examination at trial, as is required for a prior inconsistent statement exception under Fed. R. Evid. 801(d)(1).

Accordingly, nothing in AutoZone's "Supplemental Authority" should change the Court's view on Mr. Jackson's statements to the unemployment commission. Nonetheless, should the Court reach the opposite conclusion and allow admission of those statements, EEOC requests that Mr. Jackson's full statements come in, not just the selected portions AutoZone included in its exhibit. EEOC's updated exhibit list (to be filed on September 22, 2023) will reflect this request, in the event its motion in limine is denied.

Date: September 14, 2023                                    Respectfully Submitted

                                                                                        s/ Jonathan Delozano
Jonathan Delozano
Trial Attorney

Deborah Hamilton
Assistant Regional Attorney

Miles Shultz
Trial Attorney

Armando Fernandez
Trial Attorney

U.S. Equal Employment
Opportunity Commission
230 S. Dearborn St. Suite 2920
Chicago, IL 60604

4